MR. JUSTICE McDONOUGH,
dissenting:
I dissent.
Wagner’s counsel has been adequately and reasonably compensated for her efforts. Who has not been reimbursed for her reasonable attorney fees is Wagner. She is the loser by the majority opinion.
No one disputes that Wagner is the prevailing party in the discrimination action. Wagner has brought this separate action for her attorney fees pursuant to Section 49-2-505(4), MCA, of the Montana Human Rights Act. Such section allows the prevailing party (Wagner) reasonable attorney fees in the District Court’s discretion payable by the other party. The question here is, did the District Court, in not awarding any reimbursement for attorney fees, simply abuse its discretion? It did, and its order should be reversed and the cause remanded.
The District Court’s main reason in its order for not awarding fees is that Wagner was adequately compensated in the settlement amount and not entitled to additional fees. This is, in effect, a determination that Wagner received enough in the settlement to cover her actual damages and attorney fees. It must be remembered the settlement of the discrimination action was voluntarily stipulated to be the parties after negotiations and the action dismissed with prejudice pursuant thereto. Wagner gave Empire a release of all her damages in consideration of the money. The parties determined what all the damages were worth; past, present and future. They specifically excluded from the settlement Wagner’s claim for attorney fees. The order of the District Court arbitrarily included such fees back in the settlement.
I am aware that the agreement between Wagner and her attorney was a contingent fee agreement and Wagner has paid her attorney on the basis of that agreement, but the attorney-client agreement should have no bearing on this case as to whether or not Wagner should recover reasonable fees from Empire. It might under certain *376 circumstances be relevant to determine the amount of such fees or what amount is reasonable.
What Wagner has asked for here is reimbursement for a reasonable amount of hours expended by her attorney multiplied by a reasonable hourly compensation rate which is less than she, Wagner, paid under the contingent fee agreement.
Great import is made by the Court and Empire of the fact that Wagner’s attorney did not supply to Empire’s attorney a statement of damages and wages lost, prior to an administrative hearing in its discrimination action. Such failure to supply allegedly postponed the hearing and thereby increased the damages. Empire stipulated to the settlement and agreed to the amount of damages as negotiated. It should not be allowed to reargue such amount in this action for fees. If this failure on the part of Wagner’s attorney to supply such information had an effect on the amount of time spent by her in the discrimination case, it can be considered, but not otherwise.
Fee awards in these types of cases should be the rule and not the exception. Failure to award attorney fees to the prevailing party, Wagner, on the basis of the reasons given is unjust and an abuse of discretion.
MR. JUSTICES HUNT and SHEEHY concur in the foregoing dissent.